UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| PEPPY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00051-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KENTUCKY REGISTRY OF ELECTION | ) | **&** |
| FINANCE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Peppy Martin has filed a *pro se* civil complaint. [R. 1.] The Court has granted her motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Martin names the Kentucky Registry of Election Finance ("KREF") as the sole defendant in this action. [R. 1 at 1.] Martin alleges that:

> [KREF] failed to enforce the Tillman Act (1907), 52 U.S.C. § 30118, as well as KRS 121.990(1), 121.035 while the Beshear-Coleman campaign account remained open March 2020 through at least July 28, 2022, while that slate was serving its 1st term as Governor/Lt. Governor of Kentucky, while they were given and accepted millions of dollars worth of airtime by at least 4 prominent media stations in Louisville & Lexington. This airtime gave them "recognition and favorability unlike any modern Kentucky Governor." Registry's negligence may have cost Plaintiff the Democratic nomination in 2023, making her the 1st person ever

> nominated for KY Governor by both parties. Statute of limitations has not run, as Registry is now auditing her account.

[R. 1 at 4 (cleaned up).] For relief, Martin requests $58 million in damages. *See id*.

Having reviewed Martin's complaint, the Court will dismiss it for lack of subject matter jurisdiction. As the Court has previously explained to Martin:

> KREF, as a state agency, is an arm of the state for Eleventh Amendment purposes. *Accord N. Kentucky Right to Life Comm., Inc. v. Kentucky Registry of Election Fin.*, 134 F.3d 371, 1998 WL 13405, at *1-3 (6th Cir. 1998). The Eleventh Amendment specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (cleaned up). But for the more fundamental defects noted above, Martin's complaint for damages would therefore be independently subject to dismissal on that ground.

*Martin v. Kentucky Registry of Election Fin.*, No. 3:24-CV-00047-GFVT, 2024 WL 3367199, at *1 n.1 (E.D. Ky. July 10, 2024). The Court will therefore dismiss this action.[1]

Accordingly, it is **ORDERED** as follows:

1.  Plaintiff Peppy Martin's complaint [R. 1] is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2.  This matter is **STRICKEN** from the docket.

This the 13th day of August 2024.

Gregory F. Van Tatenhove
United States District Judge

---

[1] Independently, Martin's scant allegations do not suggest violation of any of Section 30118's proscriptions, which broadly relate to the solicitation (not management) of contributions to federal (not state) election campaigns. *See* 52 U.S.C. §§ 30118(a), (b)(3), (4); *see also FEC v. Akins*, 524 U.S. 11, 15 (1998) (*citing* 52 U.S.C. § 30101(8)(A)(i), (9)(A)(i)); *United States v. Lundergan*, No. 5:18-CR-00106-GFVT, 2020 WL 3895771, at *2 (E.D. Ky. July 10, 2020), *aff'd sub nom. United States v. Emmons*, 8 F.4th 454 (6th Cir. 2021).